IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGG, LLC, | | |
| Plaintiff | | |
| v. | | Case No. 1:25-cv-09602 |
| LATASHA MCWRIGHT, | | Hon. Andrea R. Wood |
| LIVING HEALTHY BRANDS, LLC, | | |
| Defendants | | **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT FOR FRAUD, MISREPRESENTATION AND EQUITABLE RELIEF

NOW COMES Plaintiff, IGG, LLC, an Illinois limited liability company ("IGG"), by and through its attorneys, Barney & Karamanis, LLP, and hereby complains against Defendants Latasha McWright ("McWright"), individually, and Living Healthy Brands, LLC ("Living Healthy"), a Michigan limited liability company, collectively Defendants, as follows:

## PARTIES

1. At all times relevant herein, Plaintiff, IGG, LLC (hereinafter "IGG"), is an Illinois limited liability company with its principal place of business in Lake Zurich, Lake County, Illinois, which, was in the business of purchasing products, including, but not limited to, COVID-19 Antigen Rapid Test kits, for distribution and sale.

2. At all times relevant herein, Defendant Latasha McWright ("McWright") is an individual residing in the state of Michigan and upon information and belief is a member of Living Healthy Brands, LLC and/or an agent of Living Healthy Brands, LLC.

*Complaint – Page 1*

3. At all times relevant herein and upon information and belief, Defendant Living Healthy Brands, LLC, was a limited liability company organized under the laws of the State of Michigan, d/b/a the Living Healthy Company, whose member resides in Michigan.

4. At all times relevant herein, Latasha McWright was the actual agent of Living Healthy Brands, LLC.

5. At all times relevant herein, Latasha McWright was the apparent agent of Living Healthy Brands, LLC.

6. At all times relevant herein, Living Healthy Brands, LLC, held Latasha McWright out as its actual and/or apparent agent.

7. At all times relevant herein, Latasha McWright was holding herself out as Living Healthy Brands, LLC's actual and/or apparent agent.

8. At all times relevant herein, Living Healthy Brands, LLC, was aware that Latasha McWright was holding herself out as an actual and/or apparent agent of Living Healthy Brands, LLC.

9. At all times relevant herein, Plaintiff IGG relied upon the fact that Latasha McWright was an actual and/or apparent agent of Living Healthy Brands, LLC.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

11. There is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1391(c) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## NATURE OF THE CASE AND FACTS COMMON TO ALL COUNTS

13. Prior to January of 2022, one of the principals of Plaintiff IGG had completed a business transaction with Defendant Latasha McWright for a different venture.

14. As part of the custom and practice between IGG's principal and Defendant McWright, IGG would issue a purchase order to McWright, who would then accept the order and request payment. McWright would obtain the product(s) from suppliers and cause the products to be delivered pursuant to IGG's principal's directions. IGG would then pay the requisite consideration to McWright for the purchase of the product(s).

15. Following the successful transaction, in or around late December of 2021 or early January 2022, Latasha McWright presented one of the principals of IGG with an opportunity to purchase COVID-19 Antigen Rapid Test kits.

16. McWright and Living Health Brands, LLC sought out IGG, an Illinois LLC, to enter into a business deal for the delivery of goods to Illinois.

17. During this transaction, McWright and Living Healthy sought and received monies from IGG, who McWright and Living Healthy knew to be an Illinois LLC.

18. In January 2022, during the height of the COVID-19 pandemic, individuals and entities were urgently purchasing rapid test kits, which until that time had not been readily commercially available and were therefore in high demand.

19. In January of 2022, Defendant Latasha McWright, individually and as the actual and/or apparent agent, servant, or employee of Living Healthy Brands, LLC, d/b/a the Living Healthy Company, offered to sell 20 pallets, totaling 151,200 test kits, of the iHealth COVID-19 Antigen Rapid Test to Plaintiff IGG.

20. In January of 2022, Defendant Latasha McWright, individually and as the actual and/or apparent agent, servant, or employee of Living Healthy Brands, LLC represented that she / Living Healthy would be purchasing the test kits from Steelepoint Chemical, LLC, d/b/a Steelepoint Holdings, LLC ("Steelepoint").

21. In the initial communications in early January 2022, McWright represented to IGG that Steelepoint had COVID-19 Antigen Rapid Test kits on hand and ready to ship upon receipt of funds.

22. Based on McWright's representations and assurances, IGG decided to place an order with Defendant Living Healthy, by and through its agent, servant, and employee, McWright.

23. On or about January 11, 2022, IGG generated two Purchase Orders Nos. 23 and 24 to Defendant Living Healthy. True and accurate copies of the January 11, 2022 Purchase Orders Nos. 23 and 24 are attached hereto as Exhibits A and B, respectively.

24. IGG, LLC Purchase Order No. 23 sought 128,620 test kits for a total price of $1,696,464.00. Exh. A.

25. IGG, LLC Purchase Order No. 24 sought 22,680 test kits for a total price of $299,376.00. Exh. B.

26. The total <u>number</u> of test kits ordered by IGG, LLC equaled <u>151,200</u>.

27. The total <u>cost</u> of the test kits ordered by IGG, LLC equaled <u>$1,965,600.00</u>.

28. On or about January 11, 2022, Latasha McWright, individually and as agent, servant, or employee of Defendant Living Health, accepted the purchase orders from IGG and requested payment.

29. On or about January 11, 2022, Latasha McWright purportedly received Invoice No. 2022-008HC dated 1/11/2022, due upon receipt, from Steelepoint issued to Living Healthy

representing 151,200 test kits for a total price of $1,965,600.00. A true and accurate copy of the purported Steelepoint Invoice No. 2022-008HC is attached hereto as Exhibit C.

30. The Steelepoint Invoice No. 2022-008HC included wiring instructions to an account at Bank of America. Exh. C. The Invoice is marked as PAID.

31. A Statement issued to Latasha McWright and Living Healthy reflects the 1/11/2022 charge of $1,965,600.00 for Steelepoint Invoice No. 2022-008HC and then on 1/12/2022 a Payment Received of $1,965,600.00.

32. On or about January 12, 2022, in reliance on the representations made by Latasha McWright, individually and on behalf of Living Healthy, and in reliance on the representations in Steelepoint Invoice No. 2022-008HC, IGG, LLC sent $1,965,600 (plus some additional costs) to Living Healthy Company / McWright in consideration for the purchase of the 151,200 test kits.

33. Immediately after sending the $1,965,600 (plus additional funds) payment, IGG began making inquiries regarding the pick-up location, time, and other details regarding IGG's taking possession of the promised 151,200 COVID-19 Antigen Rapid Test kits – on the Steelepoint Invoice.

34. No test kits were ever delivered or in any way received by IGG.

35. The Defendants in this suit sought to capitalize on the urgency of the pandemic by brokering and/or "selling" rapid test kits – that they did not have and could not obtain. Instead of providing the promised test kits, Defendants made excuses, stalled and bought time.

36. By January 12, 2022, IGG began having concerns that the 151,200 COVID-19 Antigen Rapid Test kits were not going to be delivered, but McWright took steps to convince IGG that the test kits were forthcoming.

37. When IGG began to express concerns, McWright, and along with purported Steelepoint representatives, scheduled a ZOOM call with IGG for January 13, 2022, to reassure IGG that the test kits would be imminently received.

38. On January 20, 2022, IGG canceled the Purchase Orders because the testing kits had never been received, IGG's ultimate client had canceled their order due to the delay and concerns of fraud, and because Defendants had not been able to provide reliable evidence that the test kits were en route to IGG.

39. IGG then demanded that Defendants refund the funds wired to it.

40. The funds were not returned.

41. The morning of January 25, 2022, IGG communicated that all orders were communicated effective immediately and demanded return of all funds advanced by IGG to purchase the 151,200 test kits.

42. On January 25, 2022, IGG again demanded of McWright, individually and as agent, servant, or employee of Living Healthy, that all of the wired funds be returned to IGG immediately.

43. McWright and Living Healthy directed communications in furtherance of the bad acts complained of herein to IGG in Illinois.

## COUNT I
## BREACH OF CONTRACT AGAINST MCWRIGHT, LIVING HEALTHY

44. Plaintiff repeats and realleges its Paragraphs 1 through 43 as and for this Paragraph 44, as if fully set forth herein.

45. On or about January 11, 2022, Plaintiff IGG and Defendants entered into valid and enforceable contracts through the Purchase Orders #23 and #24. *See* Exhibits A and B.

46. On or about January 11, 2022, Defendants accepted IGG's purchase orders for the purchase of the COVID-19 test kits.

47. On or about January 12, 2022, in consideration for the purchase order contracts, Plaintiff IGG wired $1,965,600 (plus additional funds) to Defendants.

48. As part of the terms of those contracts, Defendants were to procure and deliver 151,200 COVID-19 Antigen Rapid Test kits to IGG.

49. From January 11, 2022, to present, in breach of the terms of the agreements, Defendants never procured and/or delivered any of the 151,200 COVID-19 Antigen Rapid Test kits to IGG.

50. Despite requests to return the purchase funds, Defendants have not returned any of the funds to Plaintiff IGG.

51. As a result of Defendants' breach of the terms of the agreement, Plaintiff IGG was injured in the amount of $1,965,600 (plus additional funds), as well as in its loss of reputation.

WHEREFORE, Plaintiff, IGG, LLC, an Illinois limited liability company ("IGG"), Plaintiff, by and through its attorneys, Barney & Karamanis, LLP, hereby demands a trial by jury on this Count, and prays that this Honorable Court grant judgment in IGG's favor and jointly and severally against Latasha McWright, individually, and Living Healthy Brands, LLC, in an amount to be proven at trial, in excess of $1,965,600, and granting such other and further relief as this Court deems just under the circumstances.

## COUNT II
## FRAUD AGAINST MCWRIGHT, LIVING HEALTHY

52. Plaintiff repeats and realleges its Paragraphs 1 through 43 as and for this Paragraph 52, as if fully set forth herein.

53. McWright, individually and as agent, servant and employee of Living Healthy, represented to IGG that they could obtain 151,200 COVID-19 Antigen Rapid Test kits for IGG.

54. McWright, individually and as agent, servant and employee of Living Healthy, represented to IGG that the 151,200 COVID-19 Antigen Rapid Test kits were forthcoming from Steelepoint both before and after IGG tried to cancel the purported order.

55. IGG relied on the representations of McWright and Living Healthy to its detriment.

56. The representations by McWright and Living Healthy were knowingly false.

57. McWright's representations about her ability to procure and deliver the 151,200 COVID-19 Antigen Rapid Test kits were false when made.

58. McWright's representations about the ability to procure and deliver the 151,200 COVID-19 Antigen Rapid Test kits were part of a scheme to defraud Plaintiff out of the $1,965,600.00.

59. At the time that McWright and Living Healthy made the representations to IGG, McWright either knew or should have known that Steelepoint was never going to send the 151,200.

60. At the time that McWright and Living Healthy made the representations to IGG, McWright either knew or should have known that they had no intention of ever completing or fulfilling the order placed by IGG.

61. McWright then made further misrepresentations about the status of the delivery of the test kits to IGG.

62. When McWright made those representations about the status of IGG's order after the funds were transferred were false when made.

63. At the time she made those representations, McWright knew or should have known they were false.

64. McWright, for herself and as agent of Living Healthy, made the false statements in order to induce IGG to transfer over $1,965,600 to the account designated by McWright for transfer of the funds.

65. IGG was injured in the amount of $1,965,600 plus additional costs by McWright and Living Healthy in reliance upon the representations.

66. IGG has incurred monetary and other damages as a proximate result of the false and fraudulent representations of McWright and Living Healthy.

WHEREFORE, Plaintiff, IGG, LLC, an Illinois limited liability company ("IGG"), Plaintiff, by and through its attorneys, Barney & Karamanis, LLP, hereby demands a trial by jury, prays that this Honorable Court grant judgment in IGG's favor and jointly and severally against Latasha McWright, individually, and Living Healthy Brands, LLC, in an amount to be proven at trial, in excess of $1,965,600, and granting such other and further relief as this Court deems just under the circumstances.

### COUNT III
### UNJUST ENRICHMENT AGAINST MCWRIGHT, LIVING HEALTHY
### (in the Alternative)

67. Plaintiff repeats and realleges its Paragraphs 1 through 43 as and for this Paragraph 67, as if fully set forth herein

68. McWright and Living Healthy received over $1,965,600 from IGG but failed to deliver the requested goods.

69. McWright and Living Healthy retained IGG's $1,965,600, despite not having a legal right to retain the funds.

70. Upon information and belief, McWright and Living Healthy have benefited from the funds sent from IGG.

71. Allowing McWright and Living Healthy to retain the benefit of IGG's $1,965,600 is unfair, inequitable and unjust.

72. Good conscience requires the return of IGG's over $1,965,600 and any benefits received by any of the Defendants flowing from those funds.

WHEREFORE, Plaintiff, IGG, LLC, an Illinois limited liability company ("IGG"), Plaintiff, by and through its attorneys, Barney & Karamanis, LLP, hereby demands a trial by jury, prays that this Honorable Court grant judgment in IGG's favor and jointly and severally against Latasha McWright, individually, and Living Healthy Brands, LLC, in an amount to be proven at trial, in excess of $1,965,600, and granting such other and further relief as this Court deems just under the circumstances.

Respectfully Submitted:

IGG, LLC

By: /s James A. Karamanis
One of its attorneys

James A. Karamanis
Kenneth A. Nazarian
Jasmina de la Torre (6256929)
Barney & Karamanis, LLP
180 North Stetson, Suite 3050
Chicago, IL 60601
 (312) 553-5300
james@bkchicagolaw.com
ken@bkchicagolaw.com
jasmina@bkchicagolaw.com

IGG, LLC
1178 Flex Ct
Lake Zurich, IL 60047
USA


EXHIBIT A

# Purchase Order

| Date | P.O. No. |
|---|---|
| 1/11/2022 | 23 |

| Vendor | Ship To |
|---|---|
| The Living Healthy Company<br>2601 Maplewood Ave<br>Lansing, MI 48910<br>USA | IGG, LLC<br>1178 Flex Ct<br>Lake Zurich, IL 60047<br>U.S.A<br>847.873.3009 |

| Item | Description | Qty | U/M | Rate | Amount |
|---|---|---|---|---|---|
| TK-IH2-180 | iHealth OTC Test Kit. 2 Test per kit. 90 Kits per Case. ICO-3000<br>UPC 856362005890 | 1,428 | cs | 1,188.00 | 1,696,464.00 |

**Total** $1,696,464.00

IGG, LLC
1178 Flex Ct
Lake Zurich, IL 60047
USA



EXHIBIT B

# Purchase Order

| Date | P.O. No. |
|---|---|
| 1/11/2022 | 24 |

| Vendor | Ship To |
|---|---|
| The Living Healthy Company<br>2601 Maplewood Ave<br>Lansing, MI 48910<br>USA | IGG, LLC<br>1178 Flex ct<br>Lake Zurich, IL 60047<br>USA |

| Item | Description | Qty | U/M | Rate | Amount |
|---|---|---|---|---|---|
| TK-IH2-180 | iHealth OTC Test Kit. 2 Test per kit. 90 Kits per Case. ICO-3000<br>UPC 856362005890 | 252 | cs | 1,188.00 | 299,376.00 |

**Total** $299,376.00

**Steelepoint Holdings, LLC**
4600, FM 423 Suite 12211
Frisco, TX 75036 US
wendy@steelepointholdings.com

# INVOICE

| BILL TO | SHIP TO | SHIP VIA | | INVOICE DATE | 2022-008LHC |
|---|---|---|---|---|---|
| Latasha McWright | Client Will Provide | TBD | | | 01/11/2022 |
| Living Healthy Company | | | | TERMS | Due on receipt |
| 2601 Maplewood Ave. | | | | DUE DATE | 01/11/2022 |
| Lansing, MI 48910 USA | | | | | |

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| iHEALTH RAPID ANTIGEN TEST KIT | iHealth COVID-19 Antigen Rapid Test-2pak (Orange Box)<br>7560 kits per pallet<br>20 Pallets Total | 151,200 | 13.00 | 1,965,600.00 |
| Payment Note | Wire Transfer Instructions for Steelepoint Holdings, LLC<br>Bank: Bank of America<br>Address: 425 Main Street, Frisco TX 75034<br>Account Name: Steelepoint Chemical, LLC.<br>Account #: 488 0987 08839<br>Wire Transfer #: 026 0095 93 | | | |
| Shipping Note | 7560 kits per pallet<br>84 Cartons per pallet<br>26 pallets per truck<br>1104# per pallet<br>Each Pallet: 40 x 40 x 80 | | | |
| Procedure Note | Logistics schedule will be provided by warehouse to include:<br>Date and time, reference # and Dock#.<br>Arrive 15 minutes early and check in with Shipping and Receiving to notify attendant.<br>Additional details will follow. | | | |

| | PAYMENT | 1,965,600.00 |
|---|---|---|
| | BALANCE DUE | **$0.00** |
| | | **PAID** |

**EXHIBIT C**

Page 1 of 1

**Steelepoint Holdings, LLC**
4600, FM 423 Suite 12211
Frisco, TX 75036 US
wendy@steelepointholdings.com



STEELEPOINT
HOLDINGS
ALLIES IN HEALTH

# Statement

**TO**
Latasha McWright
Living Healthy Company
2601 Maplewood Ave.
Lansing, MI 48910 USA

**STATEMENT NO.** 1004
**DATE** 01/21/2022
**TOTAL DUE** $1,534,728.39
**ENCLOSED**

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 12/20/2021 | Balance Forward | | 0.00 |
| 12/30/2021 | Invoice #123021-2021-0854LHC | 93,133.12 | 93,133.12 |
| 12/30/2021 | Payment: Waiting for transaction receipt from client | -40,849.92 | 52,283.20 |
| 01/10/2022 | Payment #Steelepoint Holdings | -52,283.20 | 0.00 |
| 01/11/2022 | Invoice #2022-008LHC | 1,965,600.00 | 1,965,600.00 |
| 01/12/2022 | Invoice #2022-015LHC | 571,898.88 | 2,537,498.88 |
| 01/12/2022 | Payment #40471827871: Thank you for your payments | -1,965,600.00 | 571,898.88 |
| 01/12/2022 | Payment #76472460511: Thank you for your payment! | -118,250.49 | 453,648.39 |
| 01/13/2022 | Invoice #2022-010LHC | 1,081,080.00 | 1,534,728.39 |



| Current Due | 1-30 Days Past Due | 31-60 Days Past Due | 61-90 Days Past Due | 90+ Days Past Due | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 1,534,728.39 | 0.00 | 0.00 | 0.00 | **$1,534,728.39** |