**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IGG, LLC, | |
| Plaintiff | |
| v. | Case No. 1:25-cv-09602 |
| LATASHA MCWRIGHT, LIVING HEALTHY BRANDS, LLC, | Hon. Andrea R. Wood |
| Defendants | **JURY DEMANDED** |

**JOINT INITIAL STATUS REPORT**

A Note about this Initial Status: This initial status report is being submitted by the Plaintiff preliminarily without participation from the Defendants. After being served, the Defendants contacted Attorney James A. Karamanis, one of Plaintiff's counsel, and requested an extension of time to answer or otherwise respond through and including October 19, 2025. This Initial Status Report will be revised and resubmitted after the Defendants have appeared and a conference has been held.

1. Nature of the Case
    A. Identify the attorneys of record for each party, including the lead trial attorney.

    RESPONSE: Attorneys for Plaintiff are:
    James A. Karamanis
    Jasmina de la Torre
    Barney & Karamanis, LLP
    180 N. Stetson Ave., Suite 3050
    Chicago, IL 60601
    312-553-5300
    james@bkchicagolaw.com
    jasmina@bkchicagolaw.com

    Lead Trial Attorney will be James A. Karamanis

    B. Identify any parties that have not yet been served.

    RESPONSE: All Defendants have been served, but it has been agreed that they have through October 19, 2025 to answer or otherwise respond.

    C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

i. state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold; and

ii. identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. NOTE: The report must address whether there is diversity of citizenship in any case in which supplemental jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

**RESPONSE:** Jurisdiction is based on diversity. 28 U.S.C. § 1332(a)(2). Plaintiff is an LLC citizen of Illinois. Defendant Latasha McWright is, on information and belief, a Michigan citizen. Defendant Healthy Living Brands, LLC is, on information and belief, a Michigan citizen. The amount in controversy is over $1,965,600.

D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

**RESPONSE:** Plaintiff's claims relate to over $1,965,600 transferred in order to purchase iHealth COVID-19 Antigen Rapid Test kits, which kits were never delivered and the funds were not refunded to Plaintiff despite repeated demands. Causes of action include breach of contract, fraud and unjust enrichment.

E. State the major legal and factual issues in the case.

**RESPONSE:** These will be identified when Defendants answer or otherwise respond to the Complaint.

F. Describe the relief sought.

**RESPONSE:** Plaintiff seeks monetary damages in excess of $1,965,600.00 and damages for fraud.

2. Case Plan
    A. Identify all pending motions.

**RESPONSE:** None at this time.

B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

**RESPONSE:** Plaintiff is not aware of Defendants' plans.

C. Submit a proposed discovery plan, including the following information:

i. the general type of discovery needed;

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made; v. the date by which the parties will complete fact discovery;

vi. whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

vii. what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

viii. the date by which the parties must file any dispositive motions.

**RESPONSE:** Plaintiff reserves its response to these items until after Defendants have answered or otherwise responded and the parties have had an opportunity to confer.

D. State whether there has been a jury demand and the estimated length of the trial.

**RESPONSE:** Plaintiff has demanded a jury.

3. Settlement

A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.

**RESPONSE:** Not at this time.

B. State whether the parties believe that a settlement conference would be productive at this time.

**RESPONSE:** Plaintiff will revisit this after Defendants have filed their answer or other response.

4. Consent to Proceed Before a Magistrate Judge

A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.

**RESPONSE:** Plaintiff will revisit this after Defendants have filed their answer or other response.

Respectfully Submitted:

IGG, LLC

By: _ /s Jasmina de la Torre_____
        One of its attorneys

James A. Karamanis
Kenneth A. Nazarian
Jasmina de la Torre (6256929)
Barney & Karamanis, LLP
180 North Stetson, Suite 3050
Chicago, IL 60601
 (312) 553-5300
james@bkchicagolaw.com
ken@bkchicagolaw.com
jasmina@bkchicagolaw.com