

BC

FILED
11/25/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

IGG, LLC,
  Plaintiff,

v.

Latasha McWright,
Living Healthy Brands, LLC,
  Defendants.

Case No. 1:25-cv-09602
Judge Andrea R. Wood

**DEFENDANT LATASHA MCWRIGHT'S EMERGENCY MOTION TO CONTINUE HEARING AND FOR EXTENSION OF TIME TO RESPOND**

Defendant Latasha McWright, appearing pro se, respectfully moves this Honorable Court to continue the hearing currently scheduled for November 25, 2025, and to grant an additional and meaningful extension of time for Defendant to respond to Plaintiff's Amended Complaint, the Motion for Entry of Default Judgment, and to any answer, response, or other defense to the underlying complaint originally filed on August 24, 2025. In support of this Motion, Defendant states as follows:

**I. INTRODUCTION AND PROCEDURAL HISTORY**

1. Defendant Latasha McWright was served with a summons and complaint in this matter and, on September 19, 2025, promptly requested an extension of time to respond.

2. Plaintiff's counsel granted a one-time extension, for less than sixty (60) days, which was not enough to allow Defendant sufficient time to secure counsel or prepare a response to the complex allegations and substantial claimed damages.

3. While Defendant was undergoing inpatient care at Skywood Recovery, on October 27, 2025, the facility formally notified Plaintiff's counsel regarding Defendant's inpatient status, lack of technology access, and requested an abeyance for legal deadlines.

4. Despite being properly notified, Plaintiff's counsel proceeded to serve—on or about November 12, 2025—a Motion for Entry of Default Judgment and Amended Notice of Motion, scheduling a default judgment hearing for November 25, 2025, at 10:30 a.m., with telephonic access provided.

5. These procedural steps occurred despite Plaintiff's counsel having documented notice of Defendant's medical treatment and consequent inability to respond within the previously set deadlines.

## II. FACTUAL BACKGROUND: DEFENDANT'S TREATMENT AND PLAINTIFF'S KNOWLEDGE

6. Defendant is a resident of Lansing, Michigan, and has been named individually as a defendant in this lawsuit.

7. On October 23, 2025, Defendant entered medically supervised inpatient treatment at Skywood Recovery. Upon transition to the medically supervised Intensive Outpatient Programming (IOP), Defendant began attending therapy and treatment classes multiple days per week, constituting the majority of her week.

8. These substantial recovery commitments have materially restricted Defendant's ability to prepare legal filings, organize a defense, and communicate promptly regarding this case.

9. Plaintiff's counsel received timely documentation regarding Defendant's inpatient and IOP status, yet chose to disregard that information and continued to pursue default judgment rather than cooperate with necessary accommodations.

10. Defendant's ongoing treatment is a genuine medical necessity and is not asserted as a tactic for delay. Defendant respectfully requests the Court consider these circumstances in evaluating her request for additional time and accommodations.

**III. DEFENDANT'S GOOD FAITH EFFORTS TO OBTAIN REPRESENTATION**

11. Defendant has made consistent and diligent efforts to secure affordable legal representation, including outreach to the William J. Hibbler Memorial Pro Se Assistance Program, Illinois Legal Aid, and multiple low-cost or limited-scope representation attorneys throughout Illinois and Michigan.

12. The earliest available appointment for a helpdesk consultation with the Hibbler Memorial Pro Se Assistance Program is presently December 4, 2025, further limiting Defendant's ability to obtain timely advice or assistance in advance of the pending hearing and response deadlines.

13. The cost of qualified federal defense representation remains prohibitive, placing Defendant in a position where pro se participation is her only practical option. Defendant respectfully requests the Court recognize she should not be penalized for these circumstances, as they are outside her control.

14. Defendant's request for additional time is made in good faith, not as a tactic for delay, but to ensure a fair opportunity exists to organize materials, prepare a defense, and potentially obtain competent legal guidance given current constraints.

**IV. PLAINTIFF'S COUNSEL'S AWARENESS AND ACTIONS**

15. Plaintiff's lead counsel of record is James A. Karamanis of Barney & Karamanis, LLP, 180 North Stetson, Suite 3050, Chicago, IL 60601.

16. On October 27, 2025, Plaintiff's counsel received verified medical documentation from Skywood Recovery confirming that Defendant had been admitted for inpatient treatment, had no access to technology, and was unable to comply with legal deadlines. This documentation also expressly requested an abeyance due to Defendant's medical incapacity.

17. Despite having clear and timely notice of Defendant's inpatient status and inability to participate, Plaintiff's counsel proceeded to file and notice a Motion for Entry of Default Judgment and scheduled a default hearing for November 25, 2025. These actions were taken while Defendant remained medically incapable of preparing filings, accessing electronic communication, or meaningfully responding.

18. The decision to pursue default judgment under these circumstances created a substantial and unnecessary burden on Defendant and jeopardized her ability to exercise her right to due process. Defendant respectfully submits that proceeding with default despite documented medical incapacity is inconsistent with the principles of fairness and reasonable professional practice that typically govern litigation in this District.

**V. DUE PROCESS AND FUNDAMENTAL FAIRNESS**

19. Defendant respectfully asserts her constitutional right to due process and asks that the Court ensure she is afforded a meaningful opportunity to respond to high-stakes allegations.

20. The combination of a compressed schedule and disregard for her well-documented medical and treatment needs is substantively prejudicial, and a continuance is both necessary and equitable.

21. Defendant reserves her right to supplement, amend, or revise any pleadings or filings as her health and treatment permit, or as legal counsel is secured.

## VI. GOOD CAUSE EXISTS FOR CONTINUANCE AND EXTENSION

22. For all reasons explained above—including immediate extension requests, documented medical treatment, consistent pursuit of legal help, and significant procedural and health obstacles—Defendant has shown good cause for a continuance and additional time to respond.

## VII. RELIEF REQUESTED

WHEREFORE, Defendant Latasha McWright respectfully requests that this Honorable Court:

A. Continue the hearing currently scheduled for November 25, 2025, to a date at least sixty (60) days from the date of this Order;

B. Grant Defendant an additional sixty (60) day extension of time to respond to Plaintiff's Amended Complaint, the Motion for Entry of Default Judgment, and any answer, response, or other defense required to the original complaint filed in August;

C. Order that all future hearings in this matter be conducted remotely via telephone or videoconference due to Defendant's out-of-state residence and ongoing treatment;

D. Recognize Defendant's good faith efforts to obtain legal representation and ongoing recovery, and not penalize her for proceeding pro se under financial hardship;

E. Direct that all court correspondence and orders be sent to Defendant at her email

(lmcwright@hotmail.com) and mailing address (2601 Maplewood Avenue, Lansing, MI

48910) to avoid delays;

F. Reserve Defendant's right to supplement, amend, or revise pleadings as health and/or

legal counsel permit, without prejudice;

G. Grant any other relief this Court deems just and proper.


Respectfully submitted,
Latasha McWright
2601 Maplewood Avenue
Lansing, MI 48910
Phone: (517) 719-2113
Email: lmcwright@hotmail.com
Dated: November 21, 2025

**EXHIBIT A**
**Skywood Recovery Letter**



Skywood Recovery Treatment Center
10499 North 48th Street
Augusta, MI 49012
Phone: 269-282-7700

October 27th, 2025,

To whom it may concern:

Please be advised that Latasha McWright (DOB: 5/20/1985) was admitted to Skywood Recovery for treatment. There is no projected discharge date currently. Ms. McWright has no access to her technology while in patient here with us. Ms. McWright has a matter with BK Chicago Law that needed a time sensitive response. Ms. McWright is asking for an abeyance due to her current inpatient stay.

Ms. McWright will contact the firm upon discharge from our facility.

Please do not hesitate to contact me if you have any questions or need additional information.

Sincerely,

Sabrina Bolen
Skywood Recovery
Patient Care Coordinator
269-282-7746
Sabrina.bolen@frnmail.com

sb

**EXHIBIT B**
**Proof of Email to Plaintiff's Counsel**

**From:** Bolen, Sabrina <sabrina.bolen@frnmail.com>
**Sent:** Friday, November 21, 2025 11:48:35 AM
**To:** Lmcwright@hotmail.com <Lmcwright@hotmail.com>
**Subject:** FW: IGG, LLC Vs McWright Et Al- case# no1:25-cv09602



skywoodrecovery.com

**Sabrina Bolen**

Patient Care Coordinator

Skywood Recovery

10499 48th Street

Augusta, MI 49012

**Phone**: 269-282-7746

**Direct Dial**: 64030

**Fax**: 269-290-7007

**CERTIFICATE OF SERVICE**

I, Latasha McWright, certify that on November 21, 2025, I served a true and correct copy of the foregoing Emergency Motion to Continue Hearing and for Extension of Time on Plaintiff's counsel by both email and U.S. Mail, addressed as follows:

James A. Karamanis

Kenneth A. Nazarian

Jasmina de la Torre

Barney & Karamanis, LLP

180 North Stetson, Suite 3050

Chicago, IL 60601

Email: james@bkchicagolaw.com

Date: November 21, 2025

/s/ Latasha McWright

Latasha McWright, Pro Se