**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IGG, LLC, | |
| Plaintiff, | Case No. 1:25-cv-09602 |
| v. | Hon. Andrea R. Wood |
| LATASHA MCWRIGHT and LIVING HEALTHY BRANDS, LLC, | **JURY DEMANDED** |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO LATASHA MCWRIGHT'S**
**MOTION TO DISMISS COUNTS I, II, AND III PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)**

NOW COMES the Plaintiff, IGG, LLC ("IGG"), by and through its attorneys, Barney & Karamanis, LLP, and opposes Defendant LATASHA MCWRIGHT'S ("McWright") Motion to Dismiss Counts I, II, and III Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) ("Motion to Dismiss") as follows:

**INTRODUCTION**

McWright brings her Motion to Dismiss attacking all three of Plaintiff's counts against her: Count I (Breach of Contract), Count II (Fraud), and Count III (Unjust Enrichment), arguing that Plaintiff has failed to meet Rule 12(b)(6) and 9(b) pleading standards. Plaintiffs' Complaint (Dkt. 1) sufficiently meets all federal pleading requirements to state a cause of action for each of the claims against McWright. Accordingly, this Court should deny McWright's Motion to Dismiss in its entirety.

1

**STANDARD OF REVIEW**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera,* 272 F.3d 519, 20-521 (7th Cir. 2001). A pleading must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, Plaintiffs only need to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Further, the Court will construe the complaint "in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). "Plaintiff need not allege every conceivable fact to survive a motion to dismiss." *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, 595 F. Supp. 2d 805, 837 (N.D. Ill. 2008). Fed. R. Civ. P. 9(b) subjects claims for fraud to a heightened pleading standard of stating the claims with particularity. Courts must still accept a plaintiff's factual allegations as true and draw all reasonable inferences in their favor. *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502, 507 (7th Cir. 2007).

**ARGUMENT**

**I.      PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT I) IS SUFFICIENTLY PLED.**

In order to state a claim for breach of contract, a plaintiff must establish (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach. *Peterson v. H & R Block Tax Servs., Inc.,* 971 F. Supp. 1204, 1209 (N.D. Ill. 1997).

The Complaint alleges:

15. Following the successful transaction, in or around late December of 2021 or early January 2022, **Latasha McWright presented one of the principals** of IGG with an opportunity to purchase COVID-19 Antigen Rapid Test kits.
16. **McWright and** Living Health Brands, LLC sought out IGG, an Illinois LLC, to enter into a business deal for the delivery of goods to Illinois.
17. During this transaction, **McWright** and Living Healthy sought and received monies from IGG, who McWright and Living Healthy knew to be an Illinois LLC.
18. In January 2022, during the height of the COVID-19 pandemic, individuals and entities were urgently purchasing rapid test kits, which until that time had not been readily commercially available and were therefore in high demand.
19. In January of 2022, **Defendant Latasha McWright, individually and** as the actual and/or apparent agent, servant, or employee of Living Healthy Brands, LLC, d/b/a the Living Healthy Company, offered to sell 20 pallets, totaling 151,200 test kits, of the iHealth COVID-19 Antigen Rapid Test to Plaintiff IGG.
\*\*\*
21. In the initial communications in early January 2022, **McWright represented** to IGG that Steelepoint had COVID-19 Antigen Rapid Test kits on hand and ready to ship upon receipt of funds.

The Count against Ms. McWright is posed in the alternative. She, as an individual **and/or** as an agent, entered into an agreement with IGG. These "in the alternative" allegations are both factually based and necessary. At times, Wright has claimed to be acting as a "DBA". Whether she continues to take this position remains to be seen as the lawsuit progresses.

Attached to the Complaint are two Purchase Orders, Exhibits A and B, which are issued by Vendor "The Living Healthy Company" which McWright described as her **d/b/a** which lead to Invoices attached as Exhibits C and D made to "Latasha McWright – The Living Healthy Company". Defendant is "Living Healthy Brands, LLC" which is an LLC alleged to be owned by both McWright and her husband.

For the purpose of this motion to dismiss, this Court should accept as true all of the well-plead allegations of the Complaint. McWright offered to source COVID-19 rapid test kits for IGG. McWright accepted IGG's funds in exchange for her promise to deliver rapid test kits. The

3

kits were not delivered. The money was not returned. IGG was damaged. Complaint, ¶¶ A breach of contract has been alleged by Plaintiff. The motion to dismiss should be denied.

## II.  PLAINTIFF'S FRAUD CLAIM (COUNT II) IS SUFFICIENTLY PLED.

To state a claim for fraud, Plaintiff must allege: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 850 (N.D. Ill. 2021).

McWright argues that she should not be liable for fraud. She is alleged to have made false statements to IGG that rapid tests were available to be delivered in order to induce IGG to direct $1,950,000 to an account for her benefit. The Complaint alleges:

> 32. On or about January 12, 2022, **in reliance on the representations made by Latasha McWright, individually and** on behalf of Living Healthy, and in reliance on the representations in Steelepoint Invoice No. 2022-008HC, IGG, LLC sent $1,965,600 (plus some additional costs) to Living Healthy Company / McWright in consideration for the purchase of the 151,200 test kits.

> 56. The representations by McWright and Living Healthy were knowingly false.

> 58. McWright's representations about the ability to procure and deliver the 151,200 COVID-19 Antigen Rapid Test kits were part of a scheme to defraud Plaintiff out of the $1,965,600.00.

> 64. McWright, for herself and as agent of Living Healthy, made the false statements in order to induce IGG to transfer over $1,965,600 to the account designated by McWright for transfer of the funds.

Plaintiff has alleged with specificity the promise made by McWright to IGG, as well as the way in which the promise was false. Plaintiff has alleged that in reliance on the false statement Plaintiff transferred over $1.9M to a bank account as directed by McWright and that the tests

promised by McWright did not exist and were never delivered. Fraud has been plead with specificity and Count II should not be dismissed pursuant to FRCP 9(b).

### III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM (COUNT III) IS SUFFICIENTLY PLED.

Plaintiff sufficiently states a claim for unjust enrichment, pleading both that McWright retained a benefit to Plaintiff's detriment and that the retention of the benefit violates fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris, Inc.,* 656 F.3d 511, 517 (7th Cir. 2011). Unjust enrichment can be brought about by unlawful or improper conduct, such as fraud, duress, or undue influence. *Alliance Acceptance Co. v. Yale Insurance Agency,* 271 Ill. App. 3d 483, 492 (1st Dist. 1995); *See also West v. Act II Jewelry, LLC,* 2016 U.S. Dist. LEXIS 34963, at 9 (N.D. Ill. Mar. 18, 2016) (where the court upheld plaintiff's unjust enrichment claim stating that the alleged fraud is separate and apart from the alleged contractual relationship).

Unjust enrichment is pled in the alternative from any contract claims. *Rijing Steel Tech. Co. v. Crown Brands LLC,* 2022 U.S. Dist. LEXIS 54048 (N.D. Ill. March 25, 2022) (Federal courts permit alternative pleading under Fed. R. Civ. P. 8(d): "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient [and] '[a] party may state as many separate claims or defenses as it has, regardless of consistency.'")

In the event that this Court finds that no contract was formed between McWright and IGG, then IGG is entitled to prove its unjust enrichment claim because McWright received transfer of over $1.9M to an account at her direction. Those were IGG's funds and McWright has unjustly retained the benefit of those funds. Count III should not be dismissed.

WHEREFORE, Plaintiff IGG prays that this Court deny McWright's Motion to Dismiss and grant such other and further relief as this Court deems just.

Respectfully Submitted,

IGG, LLC

By: */s/Jasmina de la Torre*
One of its attorneys

James A. Karamanis
Jasmina de la Torre (6256929)
Barney & Karamanis, LLP
180 North Stenton, Suite 3050
Chicago, IL 60601
(312) 553-5300
james@bkchicagolaw.com
jasmina@bkchicagolaw.com

6